UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case<br>) No. 05-66074-fra13 |
| CLAYTON D. CALDWELL and<br>DONNA L. CALDWELL, | )<br>)<br>) |
| Debtors. | ) |
| DONNA L. CALDWELL, | ) Adversary Proceeding<br>) No. 06-6270 |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| MCMAHAN'S OF LANCASTER, INC., dba<br>MCMAHANS FURNITURE STORE, MCMAHAN'S<br>OF MARYSVILLE, INC.; MCMAHAN<br>FURNITURE STORE, MCMAHAN'S OF<br>GLENDALES, INC.; MCMAHAN FURNITURE<br>STORE, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) Memorandum Opinion<br>) |

This matter came before the Court for hearing on November 21, 2006. Plaintiff Donna Lynn Caldwell appeared personally, and through her attorney, Keith D. Karnes, of Olsen, Olsen & Daines, LLC. Defendants were previously found to be in default; they received notice of this hearing, but did not appear.

Page 1 - OPINION RE: ENTRY OF DEFAULT JUDGMENT

The Court heard testimony of Plaintiff and her witnesses, received into evidence a transcript of proceedings before the Circuit Court of the State of Oregon for Douglas County, and held that it would take judicial notice of its own record in the Plaintiff/Debtor's underlying Chapter 13 bankruptcy case. The Court concludes that a money judgment should be entered in favor or Plaintiff and against Defendants, and each of them, for $50,000 compensatory damages, plus Plaintiff's costs and reasonable attorney's fees incurred in connection with this adversary proceeding.

## I. PROCEDURAL BACKGROUND

Plaintiff, together with her husband, filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 25, 2005. The plan of reorganization was confirmed by order entered on January 5, 2006 (Docket No. 37).

Plaintiff's complaint was filed on August 4, 2006, seeking damages for violation of the automatic stay. The complaint, together with summons issued by the Court, was served on each of the captioned Defendants in care of Ron Anderson, Registered Agent, 104 East First Street, Albany, OR. No appearance was filed by or on behalf of any of the Defendants and an order finding each of them to be in default was entered on October 13, 2006. At the Court's direction, a hearing to consider the measure of damages and entry of judgment was scheduled for and held on November 21, 2006. Notice of the hearing was served on each of the Defendants in care of their registered agent, and at 2237 Colby Avenue, Los Angeles, CA. As noted, Defendants did not appear at the hearing.

Page 2 - OPINION RE: ENTRY OF DEFAULT JUDGMENT

## II. FACTUAL BACKGROUND

On June 3, 2003, McMahan's Furniture, which gave its address as 2455 West Harvard Boulevard, Roseburg, OR, initiated a small claims proceeding against Plaintiff, naming "Clayten [sic] Caldwell", Plaintiff's husband and co-debtor, as surety. The Circuit Court's record indicates that, after service was made, Donna Caldwell failed to appear and a small claims judgment was entered on July 17, 2003.

On September 2, Plaintiff initiated proceedings to obtain a debtor's examination.[1] The debtor's examination was scheduled for October 7. A return of service is on file with the Circuit Court indicating that notice was served on Donna Caldwell on September 14. Ms. Caldwell failed to appear at the October 7 hearing. An order to show cause was issued requiring her to appear on December 2. Notice of this hearing was also served, and Ms. Caldwell again failed to appear. A second show cause hearing was scheduled for December 14, with the same result.

A motion and supporting affidavit seeking an arrest warrant were filed on January 3, 2005. The contents are not part of this Court's record. In any event, the order for the arrest warrant was entered by the Circuit Court on January 5, and the warrant was duly issued.

Nothing happened for several months after that. As noted, the Caldwell filed their petition for relief under the Bankruptcy Code on July 25, 2005. Schedules were filed on August 13 which included, in

---

[1] Under ORS 18.265, a judgment creditor may obtain an order upon motion requiring the debtor to appear before the court or a referee to answer questions under oath concerning any property or interest in property that a judgment debtor may have or claim.

Page 3 - OPINION RE: ENTRY OF DEFAULT JUDGMENT

Schedule F, McMahan's Furniture, at 2700 Stewark Parkway, Roseburg, OR. The return of service of the notice to creditors in the case shows service on McMahan's at 2455 West Harvard Avenue on July 26, 2005. Finally, McMahan's filed a proof of claim on October 3, 2005.

On December 3, 2005, police officers made contact with Ms. Caldwell at her home in connection with an incident related to a family member. However, after obtaining identifying information from Ms. Caldwell, the police officers learned of the outstanding arrest warrant. As they were required to do, they placed her under arrest pursuant to the warrant. She was handcuffed in the presence of her husband and children, and transported to the Douglas County Jail. She remained there in a holding cell under Mr. Caldwell posted bail approximately 2½ - 3 hours later.

According the Ms. Caldwell's testimony and that of her family members, the arrest had a profound effect. For many years prior to the incident she had been suffering from various psychological difficulties which the family characterized as "panic attacks." After lengthy treatment, including psychiatric treatment, the problem had subsided, until the arrest incident. Thereafter, she reports that she has had considerable psychological difficulty, including frequent panic attacks,[2] an inability to travel more than short distances, an inability to remain home by herself, and claustrophobia.

### III. ANALYSIS

Filing a petition for relief under the Bankruptcy Code operates

---

[2]Two to three times a week according to her son.

Page 4 - OPINION RE:   ENTRY OF DEFAULT JUDGMENT

to stay the commencement or continuation of any action or proceeding against a debtor to recover a claim that arose prior to the commencement of the case. 11 U.S.C. § 362(a)(1). The stay is in effect as to the debtor herself until the case is closed or an order discharging claims is entered. In this case, the automatic stay remained in effect from the date the petition was filed through and including December 3, 2005.

An individual injured by a willful violation of the automatic stay "shall" recover her actual damages, including costs and attorney's fees, and, "in appropriate circumstances" may recover punitive damages. 11 U.S.C. § 362(k)(1).

A violation of the automatic stay is "willful" if the violating party knows of the automatic stay and its actions in violation of the stay were intentional, regardless of whether the violator specifically intended to violate the stay. Eskanos & Adler, PC v. Leetin, 309 F.3d 1210, 1215 (9th Cir. 2002); Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir. 1992); Jove Eng'g v. I.R.S., 92 F.3d 1539, 1555 (11th Cir. 1996). It is clearly established by this record that Defendants knew of Plaintiff's bankruptcy filing, and thus the automatic stay, at least as of the time the proof of claim was filed.

In Eskanos, the creditor caused its attorneys to file a collection action against the debtor after she had filed a petition for relief. Thereafter, the creditor failed to dismiss the state court proceeding promptly after receiving notice of the bankruptcy. The Court of Appeals held that a creditor has an affirmative duty under Code § 362(a)(2) to discontinue post-petition collection actions against a debtor pending in non-bankruptcy courts.

Page 5 - OPINION RE: ENTRY OF DEFAULT JUDGMENT

In In re Atkins, 178 B.R. 988 (Bankr. D. Mn. 1994), the creditor was found to have wilfully violated the automatic stay in a case where the debtor was arrested on the strength of a bench warrant issued in pre-bankruptcy proceedings. The Bankruptcy Court held that the creditor's failure to ensure that the warrant was recalled once the creditor had notice of the bankruptcy constituted a violation of the automatic stay.

It is well understood by those familiar with day-to-day legal process that the issuance of a bench warrant does not result in unleashing a posse to track down and arrest the defendant. Instead, as occurred here, the issuance of the bench warrant amounts to a legal landmine which the creditor assumes the debtor will trip over sooner or later. Obtaining an arrest warrant and leaving it in place constitutes continuing judicial process intended to collect a claim. It is precisely this activity which the automatic stay commands be discontinued. The creditor cannot defend its actions by arguing that the positive steps it took occurred pre-petition. Once the creditor becomes aware of the existence of the bankruptcy, it has an affirmative duty to ensure that the arrest warrant is recalled. The Defendants' failure to do so in this case constitutes a willful violation of the automatic stay.

## IV. DAMAGES

Plaintiff and her family provide a harrowing description of the adverse effect on them of her arrest and detention. That she may be unusually susceptible to injury on account of these circumstances is immaterial. To be entitled to an award of damages under § 362(h), the Plaintiff must establish that she "(1) suffer[ed] significant harm, (2)

Page 6 - OPINION RE: ENTRY OF DEFAULT JUDGMENT

clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay. . . ." Dawson v. Washington Mutual Bank (In re Dawson), 390 F.3d 1139, 1149 (9th Cir. 2004), cert. denied 126 S.Ct. 397 (2005). That Plaintiff has clearly done. Given the cost of continued psychiatric treatment (which, admittedly, was undocumented at the hearing) and the emotional damages inflicted upon her, the Court finds that the $50,000 in actual damages prayed for has been adequately established.

Plaintiff seeks $100,000 in punitive damages. This amount is clearly excessive given the circumstances of this case. There is nothing in the record to suggest that Defendant intended to cause the damage actually sustained by the Plaintiff. It is at least as likely, judging from this record, that the Plaintiff simply overlooked its duty to have the warrant recalled. Absent specific evidence of malice or scienter on the part of the Defendants, the Court is not prepared to assess punitive damages.

Attorney for Plaintiff should submit a form of judgment in conformity with this memorandum opinion, along with a bill of costs and reasonable attorney fees incurred.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 7 - OPINION RE: ENTRY OF DEFAULT JUDGMENT